Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | APR. 12, 2012 |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2520 | **DATE** | APR 1 2 2012 |
| **CASE TITLE** | Paul Smith (#B-52357) vs. Dr. L. Williams | | |

### DOCKET ENTRY TEXT:

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. Dismissal is without prejudice to filing a medical malpractice action in state court. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]                                       Docketing to mail notices.

### STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff alleges that a physician at the Stateville Correctional Center prescribed both ibuprofen and aspirin at the same time on two occasions without warning the plaintiff of the possibility of an adverse interaction between the two drugs. This case is a re-filing of *Smith v. Williams*, Case No. 11 C 4399 (N.D. Ill.), which was dismissed without prejudice on September 7, 2011, in light of the plaintiff's failure either to pay the statutory filing fee or to submit a properly completed application to proceed *in forma pauperis*.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $330.56 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

The plaintiff alleges that Dr. Williams prescribed both ibuprofen and aspirin at the same time on February 8, 2010, and again on April 9, 2010. In 2011, the plaintiff noticed that the ibuprofen bottle bore the following warning: "DO NOT TAKE ASPIRIN OR ASPIRIN-CONTAINING PRODUCTS WITHOUT KNOWLEDGE AND CONSENT OF YOUR PHYSICIAN." (*See* attached Exhibit to Complaint.) The plaintiff sues Williams for medical malpractice, negligence, gross negligence, and deliberate indifference, asserting that any doctor should have known to perform lab tests before mixing the two medications.

The plaintiff's claim does not rise to the level of a constitutional violation. Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Fields v. Smith*, 653 F.3d 550, 554 Not even circumstances suggesting gross negligence are sufficient to establish a constitutional violation. *Ortiz v. Webster*, 655 F.3d 731, 736 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 106; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The court is aware that some medical authorities advise against mixing aspirin and ibuprofen, and that other health experts recommend taking the two drugs at different times of day. But the court need not reconcile medical professionals' opposing views on the subject. Williams' decision, in his medical judgment, to prescribe both ibuprofen and aspirin at the same time does not manifest the type of "blatantly inappropriate" treatment that would trigger liability under 42 U.S.C. § 1983. *See Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005).

The court is particularly reluctant to find a constitutional violation in the absence of any alleged injury whatsoever. The plaintiff does not claim that he felt any adverse side effect, let alone that the mixed drugs caused a significant health complication. To the contrary, he specifically maintains that he filed suit only after reading the cautionary warning on one of the pill bottles in 2011. There is an ancient maxim, *de minimis non curat lex* (the law does not concern itself with trifles). *See, e.g., Purtell v. Mason*, 527 F.3d 615, 627 (7th Cir. 2008) (admonishing counsel against filing a "trivial"–even if not technically frivolous–lawsuit). If the plaintiff believes that he has a cause of action against Williams for medical malpractice, he must file suit in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous,
**(CONTINUED)**

malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a housekeeping matter, the court additionally notes that the plaintiff made a material omission on his complaint form. The court's civil rights complaint form instructed the plaintiff to list all previous lawsuits. (Complaint, p. 3.) The plaintiff, however, disclosed only one prior lawsuit, failing to mention at least nine others. The plaintiff's effective "fraud" on the court offers an independent justification for "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The U.S. Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully divulge his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). The plaintiff must be honest, accurate, and complete in any court filings he submits.

As a final concern, the plaintiff is reminded that he is required to sign every document he files. *See* Fed. R. Civ. P. 11(a).